**BANFF, LTD., Plaintiff,**

v.

**COLBERTS, INC., and Tamara Import, a division of Colberts, Inc., and Tamara Imports, Inc., Defendants.**

**No. 91 Civ. 6585 (RLC).**

United States District Court,
S.D. New York.

Nov. 12, 1992.

80

Grossman & King, New York City (Dennis Grossman, of counsel), for plaintiff.

Weiss Dawid Fross Zelnick & Lehrman, P.C., New York City (Susan Upton Douglass, of counsel), for defendants.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Banff, Ltd. ("Banff") brought this action alleging trademark infringement and false designation of origin under sections 35 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1117, 1125(a), and pendent state claims. The defendants, having prevailed after a jury trial, presently seek an award of attorney fees and costs in accordance with Lanham Act § 35(a).

Banff is a New York corporation which designs, manufactures, and markets women's apparel, and has used the federally-registered trademark "Vanessa" since 1982. Beginning in 1987, defendant Tamara Import, a division of defendant Colberts, Inc. ("Colberts") also began selling women's apparel with a label that read "Vanessa". After receiving the plaintiff's complaint, however, the defendants did not contest Banff's exclusive trademark right, and promptly stopped using the infringing word.

Since plaintiff did not attribute any lost sales to the defendants' unauthorized use of the name "Vanessa" and conceded that it did not know a single instance of actual confusion by consumers, the sole factual issue presented at trial was whether defendants' infringement was willful. *See, e.g., W.E. Bassett Co. v. Revlon, Inc.*, 435 F.2d 656, 664 (2d Cir.1970). That question was resolved by a jury in favor of defendants.

■ Pursuant to section 35(a) of the Lanham Act, the court may award reasonable attorney fees to the prevailing party in "exceptional cases." This provision was designed, in part, to protect innocent defendants "against unfounded suits brought by trademark owners for harassment and the like." S.Rep. No. 93–1400, 93rd Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad.News 7132, 7136; *see also Motown Productions, Inc. v. Cacomm, Inc.*, 849 F.2d 781, 786 (2d Cir.1988).[1] Thus, a case is "exceptional" for the purpose of recovering a prevailing defendant's attorney fees only if the plaintiff's claim was baseless, capricious, unreasonable, or otherwise pursued in bad faith. *See, e.g., Warner Bros., Inc. v. American Broadcasting Companies, Inc.*, 222 U.S.P.Q. (BNA) 544 (S.D.N.Y. 1982) (Motley, J.); *Simon Says Enterprises, Inc. v. Schaffer*, 218 U.S.P.Q. (BNA) 146 (S.D.N.Y.1982) (Lowe, J.).[2]

■ The defendants argue that this case is "exceptional" because the plaintiff's claim was unreasonable and in bad faith. According to the defendants, plaintiff could not rationally have believed that the infringement was willful. At trial, however, the plaintiff presented testimony that a buyer for Colberts retail stores once placed an order for Banff "Vanessa" sweaters. The general merchandise manager for Colberts was also aware of the order.

1. On the other hand, a prevailing plaintiff may be entitled to attorney fees upon a showing that the infringement was done "willfully, intentionally, and with a callous and reckless disregard." *Getty Petroleum Corp. v. Bartco. Petroleum Corp.*, 858 F.2d 103, 114 (2d Cir.1988), *cert. denied*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

2. Not surprisingly, defendants are rarely awarded attorney fees in trademark infringement cases. *Yeshiva University v. New England Educational Institute*, 631 F.Supp. 146, 149 (S.D.N.Y. 1986) (Sand, J.) *See also* Robin C. Larner, Annotation, *Award of Attorneys' Fees Under § 35(a) of Lanham Act (15 USCS § 1117(a)) Authorizing Award in "Exceptional Cases"*, 82 A.L.R. Fed. 143 (1991).

Although no evidence was presented that these employees reported their awareness of plaintiff's label to any superiors at Colberts or the Tamara Import division, a reasonable juror could have concluded otherwise. Thus, the plaintiff's case was not "so patently baseless" that it constituted bad faith. *Diamond Supply Co. v. Prudential Paper Products Co.,* 589 F.Supp. 470, 476 (S.D.N.Y.1984) (Duffy, J.); *see also Warner Bros.,* 222 U.S.P.Q. (BNA) at 544.

In addition, the defendants emphasize that this court twice rejected two legal theories underlying plaintiff's action. Def. Mem. pp. 6–8.[3] According to one of Banff's theories, a trademark owner is *automatically* entitled to damages for infringement if its trademark is displayed with statutory notice of federal registration. Since Banff did just that with respect to its "Vanessa" labels, plaintiff maintained that the defendants could not escape liability even if there was no proof of "willfulness" or actual confusion to consumers. Although plaintiff cited no case law to support this argument, Banff claimed its position was grounded in section 29 of the Lanham Act, 15 U.S.C. § 1111. However, section 29 is inapposite. It merely provides that a registrant, who fails to display the requisite indicia of federal trademark registration, cannot recover damages in a suit for infringement unless the defendant had actual notice of the registration. This section has not been used affirmatively to establish an infringer's willfulness or to circumvent the requirement that intent be shown.[4]

According to plaintiff's second misguided theory, Banff could recover damages for unjust enrichment even if defendants infringed unintentionally. This suggestion was squarely rejected by the Second Circuit on the eve of trial in this case. *See, George Basch Co. v. Blue Coral, Inc.,* 968 F.2d 1532, 1537 (2d Cir.1992), *petition for certiorari filed* (1992).

Even so, plaintiff's action proceeded to trial because Banff properly pleaded a cause of action for willful trademark infringement. Thus, Banff's reliance on faulty interpretations of the law does not support an award of attorney fees on the basis that the lawsuit was unfounded.

Finally, the defendants contend that Banff's bad faith was exemplified when it rejected a settlement offer, did not take the defendants' depositions prior to trial, and never examined some of the documents which defendants had been asked to produce. Def. Mem. p. 4. Although some of plaintiff's pre-trial tactics were imprudent, its conduct is insufficient to establish bad faith.[5] Moreover, there is no basis from which to conclude that Banff acted capriciously or pursued this litigation in order to harass the defendants. *See Diamond Supply,* 589 F.Supp. at 476; *Motown Productions,* 849 F.2d at 786.

---

**3.** These theories, discussed below, were rejected at pretrial conference and again upon motions following trial. The same arguments were also the basis of plaintiff's motion to amend the judgment, under Rule 59(e), F.R.Civ.P., denied October 27, 1992.

**4.** Likewise, section 22 of the Lanham Act, 15 U.S.C. § 1072, also relied on by plaintiff, lends no support to plaintiff's position. Although it provides that registration is "constructive notice" of ownership, its purpose was to remove the common law "good faith" defense to infringement claims, not to eliminate the willfulness requirement. *See, e.g., Dawn Donut Co. v. Hart's Food Stores, Inc.,* 267 F.2d 358, 362 (2d Cir.1959).

**5.** Plaintiff's conduct does not remotely compare to the behavior adjudged bad faith in other trademark infringement cases. *See, e.g., Simon Says Enterprises,* 218 U.S.P.Q. (BNA) at 146 (plaintiff acted willfully and in bad faith because it falsely claimed an exclusive right to use the children's game, "Simon Says" as an entertainment; allowed defendant to use the term "Simon Sez" in promoting his act for three years before suing; and commenced this action when it had reason to know it was barred by laches); *Viola Sportswear, Inc. v. Mimun,* 574 F.Supp. 619 (E.D.N.Y.1983) (president of plaintiff corporation admitted that there was no basis upon which a reasonable person could conclude that the charges in the complaint were valid); *Orient Express Trading Co. v. Federated Department Stores, Inc.,* 1988 WL 3385, 1987 U.S.Dist. LEXIS 12435 (S.D.N.Y.) (Motley, J.), *aff'd,* 842 F.2d 650 (2d Cir.1988) (plaintiff fraudulently obtained the trademarks to create a basis for its litigation).

## CONCLUSION

Accordingly, defendants' motion for attorney fees pursuant to section 35 of the Lanham Act is denied.

IT IS SO ORDERED.