BANFF, LTD., Plaintiff–Appellant–Cross–Appellee,

v.

COLBERTS, INC.; Tamara Imports, a Division of Colberts, Inc.; Tamara Imports, Inc., Defendants–Appellees–Cross–Appellants.

Nos. 1332, 1475, Dockets 92–9298, 92–9334.

United States Court of Appeals,
Second Circuit.

Argued April 12, 1993.
Decided June 14, 1993.

**34**

Dennis Grossman, Eileen King, New York City (Grossman & King), for plaintiff-appellant-cross-appellee.

Glen S. Feinberg, Nina Cangiano, New York City (Wilson Elser Moskowitz Edelman & Dicker), for defendants-appellees-cross-appellants.

Before VAN GRAAFEILAND, WINTER, Circuit Judges, POLLACK, Senior District Judge *.

MILTON POLLACK, Senior District Judge:

Plaintiff-appellant-cross-appellee Banff, Ltd. ("Banff") is a New York corporation that manufactures, markets and sells women's clothing to retail stores. Banff owns the federally-registered trademark "Vanessa" under a November 2, 1988 assignment from Vanessa Knitwear Ltd. Defendant-appellee-cross-appellant Colberts, Inc. ("Colberts") is a family-run chain of retail stores in Texas that sells women's clothing. The defendant-appellee-cross-appellant Tamara Imports is a separately run division of Colberts that sells women's clothing at wholesale prices to retail stores, including Colberts.

In the Spring of 1987, without first conducting a trademark search or obtaining Banff's consent, Tamara began selling garments with a Vanessa label. The decision to use the "Vanessa" label apparently was based on an admiration for the stage actress Vanessa Redgrave. In late September 1991, Banff filed a complaint against Colberts and Tamara, alleging federal trademark infringement and unfair competition claims and requesting an injunction and monetary damages. After Banff's complaint was served upon the defendants, they voluntarily stopped using the Vanessa label and offered to stipulate to the entry of a permanent injunction prohibiting them from using it in the future.

The plaintiff demanded a jury trial. The case was tried to the jury by plaintiff on the theory that willful infringement had occurred. The jury returned a special verdict finding that Banff had failed to prove that the defendants had willfully infringed Banff's trademark. There seems to have been a joint bench/jury trial. The jury tried only the issue of whether Colberts' infringement was willful. The District Court thus heard, as the trier of fact "two alternative theories"—"unjust enrichment and the use of registered trademark with statutory notice."

Immediately after the jury returned with its verdict, counsel for the plaintiff asked for the Court's permission to present oral argument on its "unjust enrichment and/or use of the statutory notice theories [because] Your Honor was going to try that to the bench rather than to the jury." After hearing the argument, the District Court ruled for defendants, based in large part on the *George Basch* decision referred to hereafter. In defendants' Civil Appeal Pre–Argument Statement, it conceded that the jury tried one

---

\* The Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

issue and the bench tried two issues. The second issue before the bench was statutory notice, rather than failure to search the registry (as it now argues). Based upon plaintiff's argument to the Court, it was a strict-liability-type argument: we deserve profits because we have a federally-registered mark which Colberts infringed. There was no mention of Colberts' failure to search the registry. Also, the Court did state that "all evidence" was to go to the jury. This undermined plaintiff's position in that it did not have to introduce evidence before the jury regarding defendant's failure to search the registry. The District Court entered a final judgment on the verdict dismissing Banff's complaint.

Following entry of judgment ordering the dismissal of the complaint, Banff moved pursuant to Fed.R.Civ.P. 59(e) for an amendment of the judgment to include a permanent injunction against infringement by the defendants of the trademark "Vanessa" and a monetary award to plaintiff of defendants' profits under that trademark. And the defendants moved for attorneys' fees. Both motions were denied. Banff appeals from the final judgment as entered against it, and the defendants cross-appeal from the District Court's denial of their motion for attorneys' fees. 810 F.Supp. 79.

■ There was no evidence in the trial of customer confusion, of deliberate infringement, of lost sales, or any other actual damage. In *George Basch Co. v. Blue Coral, Inc.,* 968 F.2d 1532, 1540 (2d Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 510, 121 L.Ed.2d 445 (1992), this Court held that "a plaintiff must prove that an infringer acted with willful deception before the infringer's profits are recoverable by way of an accounting." Here, the jury found no willful infringement by the defendants and Banff does not challenge that finding. In *George Basch,* the issue was clearly presented and articulated in an infringement case whether a plaintiff may recover a defendant's profits without

establishing that the defendant engaged in deliberately deceptive conduct. The Court of Appeals ruled that bad faith is a necessary predicate for an accounting: "In order to justify an award of profits, a plaintiff must establish that the defendant engaged in willful deception." *Id.* at 1534. In short, willful deceptive conduct is a necessary basis, a prerequisite for an award of profits. We explained in *George Basch* that so long as willfulness is established, an accounting of profits may be based upon 1) unjust enrichment, 2) damages, or 3) deterrence of a willful infringer. 968 F.2d at 1538. As stated in *George Basch,* "[a] profits award, premised on a theory of unjust enrichment requires a showing of actual consumer confusion, or at least proof of deceptive intent, so as to raise the rebuttable presumption of consumer confusion." *Id.* at 1538. "Thus, it would seem that for the defendant's enrichment to be unjust in terms of warranting an accounting, it must be the fruit of willful deception." *Id.*[1]

Plaintiff contended on the post-trial motion that as the holder of a federally-registered trademark it was entitled under sections 22 and 29 of the Lanham Act, 15 U.S.C. §§ 1072 and 1111, to recover defendants' profits as long as plaintiff had used the statutory notice of a registered trademark, "apart from the jury's obvious error in finding no willfulness" (sic).

This Court, in *George Basch, supra,* has ruled to the contrary and the denial of the amendment of the judgment was appropriate.

■ A further contention made by the plaintiff is that a jury trial had been waived and that the Court could act non-jury on the failure to make a search and make an award to plaintiff for that reason. Federal Rule of Civil Procedure 39(a) provides that jury trial may be waived by entering into a written stipulation filed with the court or an oral stipulation made in open court and entered

---

1. Banff's reliance on *Mishawaka Rubber & Woolen Manufacturing Co. v. S.S. Kresge Co.,* 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381 (1942), for the proposition that the burden of proof rests on the defendant to disprove unjust enrichment in the absence of a finding of willful infringement is misplaced. As the District Court correctly noted, *Mishawaka* was decided prior to the enactment of the Lanham Act. To the extent that *Mishawaka* is inconsistent with § 35 of the Lanham Act, it is no longer good law.

on the record. Neither occurred in this case. In *Tray–Wrap Inc. v. Six L's Packing Co.*, 984 F.2d 65, 67 (2d Cir.1993), this Court held that jury waivers "are to be 'scrutinized' with the utmost care." There is no evidence in the record that a jury trial was waived; to the contrary, the affirmative evidence is that the defendants insisted on the jury trial initially demanded by the plaintiff.

██ Following the trial, the defendants moved for an award of reasonable attorneys' fees as the prevailing parties contending that exceptional circumstances existed to warrant such an award in this trademark case. Section 35, Lanham Act; 15 U.S.C. § 1117(a). This Court has defined "exceptional circumstances" to include cases where a plaintiff prosecutes an action in bad faith. *See Motown Productions, Inc. v. Cacomm, Inc.*, 849 F.2d 781, 786 (2d Cir.1988) (*per curiam*). A district court's decision to award attorneys' fees under § 35 of the Lanham Act is reviewed for abuse of discretion. *Centaur Communications, Ltd. v. A/S/M Communications, Inc.*, 830 F.2d 1217, 1229 (2d Cir. 1987).

The defendants contend that they are entitled to attorneys' fees because Banff's theories of recovery were directly contrary to this Court's decision in *George Basch, supra*, and because Banff chose to continue its action even after the defendants offered to stipulate to the entry of a permanent injunction. In its order denying defendant's motion for attorneys' fees, the District Court reported that: "There is no basis from which to conclude that Banff acted capriciously or pursued this litigation in order to harass the defendants." A review of the record does not support a finding that the Court abused its discretion in declining to award attorneys' fees to the defendants.

Affirmed.