■ ALAN J. CITRIN, Respondent-Appellant, v. COLUMBIA BROADCASTING SYSTEM INC., Doing Business as WCBS-TV, Appellant-Respondent, et al., Defendants.— Order, entered on May 29, 1967, denying in part and granting in part a motion by defendant CBS for summary judgment, unanimously modified on the law, to the extent of granting said defendant's motion for summary judgment dismissing the third cause of action, and otherwise affirmed; without costs or disbursements to either party. Plaintiff, in his third cause of action, which is based on *quantum meruit*, seeks to recover from CBS for services rendered to the nonappealing defendants, pursuant to arrangements made by plaintiff solely with those defendants. While it is alleged that CBS benefited from such services, it is conceded that it was a stranger to the entire transaction. Such services, whether premised upon the theory of contract implied in law or contract implied in fact, cannot cast CBS in liability (*Armstrong* v. *I. T. T. S. Corp.*, 10 A D 2d 711; *Green* v. *Messing*, 236

---

App. Div. 107, 111). Special Term erred in holding that a cause of action based upon a contract implied in law is not subject to the bar of the Statute of Frauds. Plaintiff's attempt to recover compensation, analogous to a finder's fee, in connection with the sale of a business opportunity, in the absence of an appropriate writing or memorandum, is specifically barred by section 5-701 of the General Obligations Law (*Minichiello* v. *Royal Business Funds Corp.*, 18 N Y 2d 521). That section provides as follows: " Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: * * * (10) Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing * * * of a business opportunity * * * 'Negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. *This provision shall apply to a contract implied in fact or in law* to pay reasonable compensation". (Italics supplied.) Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.