**GIDATEX, S.R.L., Plaintiff,**

v.

**CAMPANIELLO IMPORTS, LTD., Defendant.**

**No. 97 Civ. 9518(SAS).**

United States District Court, S.D. New York.

July 22, 1999.

Thomas G. Bailey, Jr., Carole E. Klinger, Whitman, Breed, Abbott & Morgan, L.L.P., New York, NY, for plaintiff.

Nathan Lewin, Paul F. Enzinna, Anthony J. Bellia, Jr., Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, D.C., for Defendants.

### *OPINION AND ORDER*

SCHEINDLIN, District Judge.

Plaintiff Gidatex, S.r.L. ("Gidatex") filed this suit against Defendants Campaniello Imports, Ltd., Campaniello Imports of

---

Florida, Ltd., and Campaniello Enterprises, Inc. (collectively "Campaniello") in 1997, alleging violations of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), common law trademark infringement, and common law unfair competition. Campaniello, in turn, asserted counterclaims for breach of contract, unfair competition, misappropriation and unjust enrichment.[1] In June 1998, the Court granted plaintiff's motion to dismiss all of defendant's counterclaims except unjust enrichment. *See Gidatex v. Campaniello*, 13 F.Supp.2d 420 (S.D.N.Y.1998). Then, in May 1999, the Court granted Gidatex's motion for summary judgment on Campaniello's remaining counterclaim for unjust enrichment. *See Gidatex v. Campaniello*, 49 F.Supp.2d 298 (S.D.N.Y.1999). Defendant now moves for entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) so that it may appeal the dismissal of all four counterclaims prior to trial on plaintiff's claims. For the reasons stated below, defendant's motion is denied.

## I. Legal Standard for Entry of a Final Judgment Pursuant to Rule 54(b)

■ Rule 54(b) provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). A court should not enter final judgment on fewer than all the claims in an action if the same or closely related issues to those already decided remain to be litigated. *See Nat'l Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir.1988) (per curium). The policy behind

this separate and distinct claims requirement of Rule 54(b) is the desire to avoid redundant review of multiple appeals based on the same underlying facts and issues of law. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Claims which are sufficiently separate and distinct lend themselves to appellate review as single units. On the other hand, Rule 54(b) certification of claims which are factually or legally interrelated with non-certified claims risks the possibility that an appellate court would face the same issue on a subsequent appeal.

■ In addition, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460. The district court must determine that the final decision on certain claims is *ready* for appeal, taking into account the equities involved as well as judicial administrative interests. *See id.* To permit entry of a final, immediately appealable Rule 54(b) judgment, a court must make an express determination that there is no just reason for delay. *See 10 Moore's Federal Practice*, § 54.23[2] (Matthew Bender 3d ed.1999). Generally, a court may properly find no just reason for delay only when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir.1997) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.1987)). Furthermore, "certification under Rule 54(b) should be granted only if there are 'interest[s] of sound judicial administration' and efficiency to be served." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir.1991) (quoting *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460).

---

**1.** Familiarity with the facts of this case as described in three prior opinions is presumed. *See Gidatex v. Campaniello*, 13 F.Supp.2d. 417 (S.D.N.Y.1998); *Gidatex v. Campaniello*, 13 F.Supp.2d 420 (S.D.N.Y.1998); *Gidatex v. Campaniello*, 49 F.Supp.2d 298 (S.D.N.Y. 1999).

## II. Discussion

### A. Three of the Four Counterclaims Are Not Separate and Distinct

■ "Claims are normally regarded as separable if they involve at least some different questions of fact and law and could be separately enforced." *Cullen*, 811 F.2d at 711. In such circumstances, claims may be considered separable "even if they have arisen out of the same transaction or occurrence." *Id.* Three of the four counterclaims (unfair competition, misappropriation and unjust enrichment) arise out of the same business relationship as plaintiff's claims. *See Siderpali, S.P.A. v. Judal Industries, Inc.*, 833 F.Supp. 1023, 1034 (S.D.N.Y.1993) (while claims not inherently inseparable, they arose out of same contractual relationship and were, therefore, sufficiently related to bar application of 54(b)). While defendant's counterclaims are legally distinct from plaintiff's case in chief, three of the four are factually interrelated, and therefore, not separable.

At trial, plaintiff will offer evidence regarding whether Campaniello deceptively used the Saporiti Italia signs in a manner that violated Gidatex' trademark rights and whether Campaniello unfairly misrepresented itself to the public as an authorized sales agent. The issues Campaniello will most likely raise in its defense will undoubtedly overlap with the evidence supporting its now-dismissed counterclaims. For example, Campaniello's unfair competition and misappropriation counterclaims allege that Gidatex's establishment of four new distributorships of Saporiti Italia furniture near Campaniello's existing showrooms in the United States will capture the good will, reputation and markets which Campaniello allegedly developed while operating as the exclusive distributor of Saporiti furniture. In addition, Campaniello's unjust enrichment theory posits that Gidatex's termination of Campaniello's agency and establishment of the four distributorships will result in Gidatex unjustly receiving a benefit for Campaniello's promotion of the Saporiti Italia trademark.

The fourth counterclaim, breach of contract, does appear to be legally and factually distinct, and therefore, separable. As this Court previously recognized:

> The factual and legal issues raised by Campaniello's breach-of-contract counterclaim are distinct from those raised by Gidatex's claims. In contrast to Gidatex's claims, which concern the parties' conduct *after* their contractual relationship had ended, Campaniello's breach of contract counterclaim involves Gidatex's conduct *prior* to the termination of the Gidatex Agreement.

*Campaniello*, 13 F.Supp.2d at 428 (emphasis added). Nevertheless, even though the breach of contract claim is separable, certification of that claim would not satisfy an essential requirement of Rule 54(b)—"that there is no just reason for delay."

### B. Campaniello Cannot Demonstrate That "There Is No Just Reason For Delay" of This Appeal

■ The Second Circuit has held that danger of hardship or injustice through delay would be alleviated where "an expensive and duplicative trial could be avoided if, *without delaying prosecution of the surviving claims*, a dismissed claim were reversed in time to be tried with the other claims." *Cullen*, 811 F.2d at 711 (emphasis added). Here, by contrast, certifying a Rule 54(b) final judgment will derail the parties' trial schedule as the litigation is now ripe for trial on plaintiff's claims, and defendant seeks to postpone trial pending its interlocutory appeal.[2] Neither the parties nor the Court are aware of any authority to indicate that the Court of Appeals typically expedites its review of 54(b) certifications. On the contrary, the Second Circuit has noted that a "seasoned district judge" should be aware of lengthy time-delays between her decision and the date when an appeal is heard. *See Rodri-*

2. Indeed the trial is scheduled to begin in five weeks on August 23, 1999.

*guez v. DeBuono,* 162 F.3d 56, 62 (2d Cir.1998), *as amended,* 175 F.3d 227, at 235 (2d Cir.1999) (in preliminary injunction context eight month delay from date of district court's order to date of oral argument in circuit court "is by no means unusual").

Cases cited by defendant in which the Second Circuit has held that district courts were justified in finding "no just reason for delay" are factually distinct from the instant action. For example, in *Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy,* 891 F.2d 414, 418 (2d Cir.1989), the Second Circuit affirmed a Rule 54(b) certification, finding that the issue on appeal (the Navy's proposed deployment of nuclear weapons in New York harbor) was unique and its resolution of public import, thereby justifying immediate appellate review.

In *Advanced Magnetics v. Bayfront Partners, Inc.,* 106 F.3d 11 (2d Cir.1997), also cited by defendant, the Second Circuit concluded that Rule 54(b) certification was warranted in the event that the claims dismissed by the district court were reinstated in time for trial of the claims before one jury. *See id.* at 16. The court reasoned that "then only one jury, rather than two, will be required to become familiar with the terms of and the events surrounding the offering and defendants' short sale." *Id.* at 17. In that case, however, the court found that the certified issues presented on appeal were *"entirely unrelated* to the merits of the claims that are to be tried." *Id.* (emphasis added). On the contrary, as discussed earlier, three of Campaniello's four counterclaims are factually related to the affirmative defenses Campaniello may raise to rebut plaintiff's case-in-chief. While the Court appreciates Campaniello's concern for the judicial resources of the district court in attempting to avoid two trials, Rule 54(b)'s primary concern is the conservation of the appellate court's resources in avoiding multiple appeals.

Campaniello's final argument in favor of Rule 54(b) certification that there is "no just reason for delay" when "appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims," also fails. *State of New York v. AMRO Realty Corp.,* 936 F.2d 1420, 1426 (2d Cir.1991) (quoting *Curtiss–Wright,* 446 U.S. at 8 n. 2, 100 S.Ct. 1460). The factors supporting such a conclusion in *AMRO* are not present here. *AMRO* concerned an insurance coverage dispute in which the insureds, defendants in a hazardous waste action brought by the State of New York, impleaded their insurance companies who had denied them coverage for expenses of defending the action and any possible remediation of the waste site. The district court granted summary judgement and partial summary judgment to the impleaded insurance companies, effectively eliminating defendants' insurance coverage. The district court then certified its decision for appeal reasoning, in part, that if its ruling was in error, a "resolution of the insurance issues will [ ] likely assist in the resolution or settlement of the main action because it will give the plaintiffs a better understanding of the assets potentially available to assist in the remediation of the alleged pollution. . . ." *State of New York v. Amro,* 745 F.Supp. 832, 840 (N.D.N.Y. 1990). The Second Circuit agreed, recognizing that "certification of a final ruling on a third-party claim requesting an insurer to supply a defense under an insurance policy is typically a permissible exercise of the district court's discretion." *AMRO,* 936 F.2d at 1426. The instant litigation does not involve the question of whether coverage is provided by a third-party insurer.

## C. The Equities Favor Gidatex

In addition to the "interest of sound judicial administration," *Curtiss–Wright,* 446 U.S. at 8, 100 S.Ct. 1460, the Court must consider "the equities involved", chiefly "fairness to the parties." *AMRO,* 936 F.2d at 1426. Gidatex vigorously opposes postponement of the trial date pending resolution of defendant's appeal. While Campaniello asserts that the poten-

tial expense of two trials tips the balance of the equities in its favor, Gidatex alleges that it will be further harmed by Campaniello's continuing misrepresentation to customers that it is affiliated with the Saporiti Italia trademark.[3] Indeed, it would be unfair to Gidatex to suspend the otherwise imminent resolution of its claims for what would assuredly be a lengthy period of time while defendant appeals the dismissal of its counterclaims. Thus, I cannot find that "there exists some danger of hardship or injustice through delay" to Campaniello "which would be alleviated by immediate appeal." *Advanced Magnetics*, 106 F.3d at 16.

The Second Circuit, and federal courts in general, are historically opposed to piecemeal appeals. *See* 10 *Moore's Federal Practice* § 54:21[4]. Hence, "the court's power to enter a final judgment before an entire case is concluded ... [should] be exercised sparingly." *Cullen*, 811 F.2d at 710. If certification were granted, it is my strong suspicion that the Court of Appeals would dismiss for lack of appellate jurisdiction, resulting in further unnecessary delay in reaching the merits of this suit.

### III. Conclusion

For the foregoing reasons, Campaniello's motion for Rule 54(b) certification is denied. A final pre-trial conference in this matter is scheduled for August 5, 1999 at 4:30 p.m.

---

**3.** Campaniello has offered, pending the appeal, to remove the large Saporiti Italia sign from its New York showroom and use the trademark only: (1) at the showrooms where it sells Saporiti Italia products in "signs of size and prominence comparable to those of its other brands"; and (2) in connection with the next two annual warehouse sales which include Saporiti Italia furniture. Gidatex has rejected this proposal.