■ William V. Armstrong, Respondent, v. I. T. T. S. Corporation et al., Appellants.— In an action by an attorney at law against a corporation and its president and secretary-treasurer to recover for legal services performed for the corporation and for its president (Valdamar Petersen), the appeal is from so much of an order as denied appellants' motion to strike out certain paragraphs of the complaint, to dismiss the fourth and fifth causes of action on the ground that they do not state facts sufficient to constitute causes of action, and to sever the actions against the appellant corporation from that against the appellant Valdamar Petersen. Order modified by striking therefrom the provision that the motion to dismiss the fourth cause of action is denied and by substituting therefor a provision that the motion with respect to that cause of action be granted. As so modified, order insofar as appealed from affirmed, without costs. The fourth cause of action, which is against the corporate appellant alone, contains no allegation that said appellant retained the respondent as

its attorney or had any contractual relationship with him. It is alleged that the services were performed by the respondent at the request of, and as the attorney for, the appellant Valdamar Petersen, and that the services performed for the latter inured to the benefit of the corporation. That fact, standing alone, is not sufficient to impose liability upon the corporation for such services (*Green v. Messing*, 236 App. Div. 107; *Callahan* v. *Railroad Fed. Sav. & Loan Assn.*, 36 N. Y. S. 2d 550). The authorities cited by the Special Term are readily distinguishable. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.