■ ROBERT C. ATKINS, Appellant, v C. MAYNARD GUEST, as Executive Secretary of the New York State Board for Professional Medical Conduct, Respondent. [607 NYS2d 655] —Judgment, Supreme Court, New York County (Peter Tom, J.), entered August 5, 1993, which denied petitioner's motion to quash the subpoena *duces tecum* issued by respondent for the medical records of petitioner's patient and to compel respondent to produce the complaint against petitioner, and which granted respondent's cross-motion to enforce its subpoena, unanimously affirmed, without costs.

After a complaint was filed with the State Board for Professional Medical Conduct against petitioner, a New York State licensed physician, alleging acts of professional misconduct, and an investigation conducted, respondent authorized the issuance of a subpoena directed to petitioner to produce all medical records and correspondence pertaining to the patient in question, to aid in the investigation. Petitioner refused to comply with the subpoena and, by order to show cause, moved to quash the subpoena and to compel disclosure of the complaint, and respondent cross-moved to compel compliance with the subpoena. The IAS Court reviewed the complaint and other supporting documentation *in camera* and concluded, *inter alia,* that respondent had made the minimal threshold showing of authenticity and factual basis necessary to sustain issuance of the subpoena.

Petitioner contends that the IAS Court erred in reviewing evidence *in camera* to determine whether issuance of the subpoena was warranted. He also argues, for the first time on appeal, that *in camera* examination is only appropriate "in those cases warranting * * * extraordinary review"; that respondent failed to make a preliminary showing that an *in camera* review was necessary; and that the *in camera* review violated his due process rights.

The showing made by respondent was sufficient to establish "the delicacy of [the] investigation or the risk of and consequences attendant on premature disclosure" *(Matter of Levin v Murawski,* 59 NY2d 35, 42, n 4). Moreover, the statutory requirement of confidentiality (Public Health Law § 230 [11] [a]) warranted submission of materials for *in camera* review. Confidentiality can serve to prevent harassment of the complainants or the patients involved. Here, petitioner conceded

that he wanted the complaint for purposes of bringing a civil action in defamation against the complainant and respondent. Prevention of such action was warranted *(see, Matter of Levin v Guest,* 112 AD2d 830, 832, *affd* 67 NY2d 629). Moreover, had the IAS Court complied with petitioner's request, the complainant may have been reluctant to provide respondent with additional assistance, knowing that his other statements had been readily disclosed. Nor were petitioner's due process rights violated. Petitioner was afforded an opportunity to argue that the issuance of the subpoena was not warranted. He did not need the complaint for this purpose. In any event, but for supplying extensive literature regarding ozone therapy, petitioner presented all the arguments that he claimed he could have raised had the IAS Court compelled release of the materials.

Petitioner also claims that the IAS Court should have ordered release of the complaint since the complainant waived his right to confidentiality by revealing his identity to the press. However, Public Health Law § 230 (11) (a) provides that such reports must remain confidential and must not be admitted into evidence in any administrative or judicial proceeding. Moreover, maintaining confidentiality ensures that the complaint may not be used against the complainant for litigation purposes, and more importantly, protects the Board's ability to gather information in aid of its investigations, now and in the future *(cf., Matter of Grattan v People,* 65 NY2d 243, 245-246).

Lastly, the physician-patient privilege does not protect the medical records from a proper subpoena issued by a government engaged in a legitimate investigation *(see, Matter of Levin v Murawski, supra,* at 40; *cf., Matter of Camperlengo v Blum,* 56 NY2d 251). Moreover, the power to subpoena medical records is justified by the important public interest in investigating misconduct by licensed physicians. Therefore, even had the patient been a party to this proceeding, her privacy rights would not have prevailed *(Schachter v Whalen,* 581 F2d 35).

We have considered petitioner's other claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ. *[See,* 158 Misc 2d 426.]