■ RICHARD A. COLE, Appellant, v METROPOLITAN LIFE INSURANCE Co., Respondent. [708 NYS2d 789] —Order unanimously affirmed without costs. Memorandum: We reject plaintiff's contention that Supreme Court erred in granting defendant's motion to dismiss the complaint based on plaintiff's lack of standing. We agree with the court that plaintiff, a physician practicing in Pennsylvania, lacks standing to enforce an insurance contract between defendant insurer and New York State providing State employees with medical insurance under the Empire Plan (Plan). Plaintiff was not a participating provider in the Plan, and the insurance certificates in the record provide that "[a]ssignment of benefits to a Non-Participating Provider is not permitted".

There is no merit to the contention of plaintiff that he is a third-party beneficiary of the contract. As a third party seeking to enforce a contract, plaintiff had to establish that he was an intended beneficiary of the contract rather than merely an incidental beneficiary (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 43-44; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33-34, *affd* 49 NY2d 924). "One is an intended beneficiary if one's right to performance is 'appropriate to effectuate the intention of the parties' to the contract *and* either the performance will satisfy a money debt obligation of the promisee to the beneficiary or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance'" (*Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159, 161, quoting Restatement [Second] of Contracts § 302 [1] [a], [b]; *see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., supra*, at 44; *Rekis v Lake Minnewaska Mtn. Houses*, 170 AD2d 124, 128, *lv dismissed* 79 NY2d 851, *rearg denied* 79 NY2d 978). On the other hand, "[a]n incidental beneficiary is a third party who may derive [a] benefit from the performance of a contract though he is neither the promisee nor the one to whom performance is to be rendered" (*Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 79, citing 2 Williston, Contracts § 402 [3d ed]; *see, Artwear, Inc. v Hughes*, 202 AD2d 76, 81; *World Trade Knitting Mills v Lido Knitting Mills*, 154 AD2d 99, 103).

The court properly determined that there was no intent to benefit plaintiff or a class of which plaintiff is a member. The contract was intended to benefit State employees by providing such employees and their dependents with medical insurance. The Plan excludes non-participating providers from receiving direct benefits; they are to be paid by the patients and have no relationship with the insurance provider. Thus, we conclude that plaintiff, a non-participating provider, was not an intended beneficiary and cannot enforce the insurance contract between the State and defendant.

Although plaintiff's patients assigned their rights to plaintiff, those assignments are void. "'[I]t has been consistently held that assignments made in contravention of a prohibition clause in a contract are void if the contract contains clear, definite and appropriate language declaring the invalidity of such assignments'" (*Macklowe v 42nd St. Dev. Corp.*, 170 AD2d 388, 389; *see, Sullivan v International Fid. Ins. Co.*, 96 AD2d 555, 556). Here, the contract contains such language and the assignments cannot confer standing upon plaintiff.

Plaintiff's remaining contentions are raised for the first time on appeal and thus are not properly before us (*see, Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 349; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757, 758). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.