■ Prestige Caterers, Appellant, v Irving Kaufman et al., Respondents. [736 NYS2d 335] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about October 20, 2000, granting defendants' motion for summary judgment dismissing the complaint and denying plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, without costs.

Plaintiff contracted with defendant Irving Kaufman to cater the wedding of Kaufman's daughter, defendant Ilene Gore. Kaufman made partial payment, but soon after the wedding filed for bankruptcy. The outstanding balance owed by Kaufman to plaintiff was discharged in the bankruptcy proceeding. Thereafter, plaintiff commenced this action seeking to recover the outstanding balance, and defendants moved for summary judgment on the grounds that there was no cause of action against Kaufman in light of the bankruptcy proceeding and there was no claim against defendants Ilene and Matthew Gore since there was no agreement between them and plaintiff. Plaintiff responded by cross-moving to amend the complaint to assert claims of quantum meruit and unjust enrichment against the Gore defendants.

The complaint was properly dismissed since plaintiff's claim against Kaufman was discharged in Kaufman's bankruptcy proceeding and the Gores are not contractually obligated to plaintiff. In addition, plaintiff's cross motion to amend its complaint to allege claims against the Gores in quantum meruit was properly denied, since the proposed claims are plainly without merit (see, Tomczak v Trepel, 283 AD2d 229, lv dismissed in part and denied in part 96 NY2d 930). Although the Gores benefited from plaintiff's services, plaintiff made no showing in the motion court that its services were rendered at the Gores' behest and thus there is no basis for plaintiff to recover in quantum meruit against the Gores (see, Kagan v K-Tel

*Entertainment*, 172 AD2d 375, 376). Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.