◼ JLJ RECYCLING CONTRACTORS CORP., Appellant, v TOWN OF BABYLON, Respondent. [754 NYS2d 897] —In an action to recover in a quantum meruit for services rendered, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 15, 1998, which granted the defendant's motion to strike the plaintiff's demand for a jury trial, (2) an order of the same court, dated September 29, 2000, which, inter alia, denied the defendant's motion to quash a judicial subpoena duces tecum, (3) an order of the same court, dated March 14, 2001, which, inter alia, granted its application to compel the defendant to comply with its prior order dated September 29, 2000, and to comply with demands to produce certain documents, and (4) a judgment of the same court (Hall, J.), entered November 27, 2001, which, upon the granting of

the defendant's application to dismiss the complaint, made after the completion of the plaintiff's opening statement, is in favor of the defendant and against it, dismissing the complaint.

Ordered that the appeal from the order dated December 15, 1998, is dismissed; and it is further,

Ordered that the appeals from the orders dated September 29, 2000, and March 14, 2001, are dismissed, as the plaintiff is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order dated December 15, 1998, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, it was not entitled to recover the value of the services it provided to the Babylon Recycling Center, Inc., which benefited the defendant Town of Babylon. Under the theory of quantum meruit, if the services were performed at the behest of someone other than the defendant, the plaintiff must look to that party for recovery (*see Dagar Group v Hannaford Bros. Co.,* 295 AD2d 555, 556; *Lakeville Pace Mech. v Elmar Realty Corp.,* 276 AD2d 673; *Heller v Kurz,* 228 AD2d 263; *Kagan v K-Tel Entertainment,* 172 AD2d 375; *but see Bat-Jac Contr. v Amagansett Fire Dist.,* 294 AD2d 455; *Vrooman v Village of Middleville,* 91 AD2d 833, 834-835).

Municipal contracts awarded without resort to competitive bidding, other than those exempted from such requirement pursuant to General Municipal Law § 103, are void and unenforceable (*see Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187; *Christ Gatzonis Elec. Contr. v New York City School Constr. Auth.,* 297 AD2d 272; *B.T. Skating Corp. v County of Nassau,* 204 AD2d 586, 587; *Town of Babylon v Racanelli Assoc.,* 171 AD2d 741, 742). While General Municipal Law § 103 (4) provides for an emergency exception to the competitive bidding requirement, the Town's procurement policy requires that such an emergency be declared by resolution of the Town Board. The record does not indicate, nor does the plaintiff argue, that such a resolution was ever made. Accordingly, the Supreme Court properly found no possibility of success of the plaintiff's claim, and dismissed the complaint after the plaintiff completed its opening statement (*see De Vito v*

*Katsch,* 157 AD2d 413, 417-418; *but see Gleyzer v Steinberg,* 254 AD2d 455; *Seminara v Iadanza,* 131 AD2d 457, 458).

The plaintiff's remaining contentions have been rendered academic in light of our determination herein. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.