■ MARY SIMET, Respondent-Appellant, v THE COLEMAN COMPANY, INC., et al., Appellants-Respondents, and NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants. (Appeal No. 1.) [778 NYS2d 367]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 13, 2003. The order, inter alia, granted those parts of the motions of defendants Nationwide Mutual Insurance Company, David E. Lehman, and Linda Lehman to dismiss the respective causes of action alleging spoliation against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We conclude in appeal No. 1 that Supreme Court properly granted those parts of the motions of defendant Nationwide Mutual Insurance Company (Nationwide) and defendants David E. Lehman and Linda Lehman seeking dismissal of the respective causes of action against them alleging spoliation for failure to state a cause of action (*see* CPLR 3211 [a] [7]). Plaintiff was asleep in a camper located on the property

of the Lehmans when a tree limb fell onto the camper during a severe storm, causing her to sustain catastrophic injuries. Upon the completion of Nationwide's inspection of the camper and the property with respect to the claims of the Lehmans for plaintiff's injuries and the property damage, the Lehmans sought authorization from Nationwide to dispose of the camper and the tree limbs that had fallen. Nationwide advised the Lehmans in writing that its investigation, which included a report from an arborist and several photographs, was complete and that it therefore had no further use for those items. The Lehmans arranged for the disposal of the camper and the tree limbs nearly three years before the instant action was commenced.

We reject the contention of plaintiff that Nationwide is liable for failing to preserve the camper and the tree limbs and thus that she has a cause of action against it for spoliation (*see MetLife Auto & Home v Joe Basil Chevrolet,* 303 AD2d 30, 39-44 [2002], *affd* 1 NY3d 478 [2004]). In addition, we reject the contention of plaintiff that she has a cause of action against the Lehmans for spoliation. We note, however, that the court has the discretion to impose sanctions for the destruction of the evidence within the context of the remaining causes of action in the event it sees fit to do so (*see* CPLR 3126; *see generally Miller v Weyerhaeuser Co.,* 3 AD3d 627 [2004]). In light of our decision herein, we need not address the contentions raised in defendants' appeals.

Contrary to the contention of plaintiff in appeal No. 2, she is not an intended third-party beneficiary of the insurance contract between the Lehmans and Nationwide (*see generally Cole v Metropolitan Life Ins. Co.,* 273 AD2d 832, 833 [2000]). Thus, we conclude that the court properly granted those parts of the motions of Nationwide and the Lehmans seeking dismissal of the cause of action for breach of the insurance contract. Present—Hurlbutt, J.P., Scudder, Gorski and Hayes, JJ.