■ VALIERE ALCENA, Appellant, v EMPIRE BLUE CROSS AND BLUE SHIELD et al., Respondents, et al., Defendants. [787 NYS2d 91]—

In an action, inter alia, to recover damages for making a false complaint under Public Health Law § 230 (11) (a), the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Jamieson, J.), entered March 24, 2003, which denied his motion to compel the defendant Franklin Brosgol to respond to certain inquiries during his examination before trial and for an in camera inspection of a complaint alleged to have been filed against him by Franklin Brosgol with the New York State Department of Health, Office of Professional Medical Conduct, and (2), as limited by his brief, from so much of an order of the same court entered September 9, 2003, as granted the motion of the defendants Empire Blue Cross and Blue Shield, William J. Osheroff, Jennifer Palome, and Franklin Brosgol for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that on the Court's own motion, the notice of appeal from the order dated March 24, 2003, is treated as an application for leave to appeal from so much of the order entered March 24, 2003, as denied that branch of the plaintiff's motion which was to compel Franklin Brosgol to respond to certain inquiries during his examination before trial, and leave to appeal is granted (see Kinkela v Incorporated Vil. of Mineola, 306 AD2d 382 [2003]); and it is further,

Ordered that the order entered March 24, 2003, is affirmed; and it is further,

Ordered that the order entered September 9, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The respondent Dr. Franklin Brosgol cannot be compelled to answer the questions asked of him at his examination before trial regarding whether he filed a complaint on behalf of the respondent Empire Blue Cross and Blue Shield (hereinafter Empire) against the plaintiff with the New York State Department of Health, Office of Professional Medical Conduct (hereinafter the OPMC). Even assuming that Dr. Brosgol prepared the complaint on behalf of Empire and filed it with the OPMC, the plaintiff did not make the necessary showing of malice to overcome the strong presumption in favor of confidentiality precluding disclosure of the complaint (see Public Health Law § 230 [11] [a], [b]; § 4405-b [3] [a], [b]; Atkins v Guest, 201 AD2d 411 [1994]).

Moreover, for the same reason, the plaintiff was not entitled to have the OPMC complaint inspected in camera.

The respondents established their prima facie entitlement to

474

summary judgment dismissing the complaint insofar as asserted against them (*see* Public Health Law § 230 [11] [b]; § 4405-b [3] [b]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Atkins v Guest, supra*). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.