ROBERT KIRELL, Respondent-Appellant, v VYTRA HEALTH PLANS LONG ISLAND, INC., et al., Appellants-Respondents. [815 NYS2d 185]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered November 19, 2004, as denied those branches of their motion which were to dismiss the second, third, and sixth causes of action pursuant to CPLR 3211 (a) (7), and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motion which were to dismiss the first, fourth, fifth, seventh, and eighth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were to dismiss the second, third, and sixth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants, and the complaint is dismissed in its entirety.

The plaintiff, a podiatrist and nonparticipating provider in the defendants' health maintenance organization, alleges that the defendants failed to reimburse him for the services rendered on behalf of members enrolled in the defendants' health care plan and took retaliatory action by reporting him to the Office of Professional Discipline after he notified the Department of Insurance of the defendants' improper actions.

The Supreme Court properly dismissed the first, fifth, and seventh causes of action based in contract (*see Adler v Columbia Sav. & Loan Assn.*, 26 AD3d 349 [2006]; *Cole v Metropolitan Life Ins. Co.*, 273 AD2d 832, 833 [2000]). We need not decide whether private rights of action exist under 45 CFR 164.530 (g) (2) and Insurance Law § 3224-a (a), because even if they do, the pleadings fail to allege a cause of action (*see* CPLR 3211 [a] [7]), so that the fourth and eighth causes of action were also properly dismissed.

The Supreme Court should have dismissed the second cause of action. As the plaintiff's podiatric services were performed at the behest of the patients/enrollees, no claim in quantum meruit can be asserted against the defendants (*see JLJ Recycling Contrs. Corp. v Town of Babylon*, 302 AD2d 430, 431 [2003]; *Prestige Caterers v Kaufman*, 290 AD2d 295 [2002]; *Schuckman Realty v Marine Midland Bank*, 244 AD2d 400, 401 [1997]; *Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]; *Citrin v Columbia Broadcasting Sys.*, 29 AD2d 740, 740-741 [1968]; *Armstrong v I. T. T. S. Corp.*, 10 AD2d 711, 712 [1960]).

The third cause of action to recover damages for malicious bad faith reporting should have been dismissed since the defendants' report was entitled to qualified immunity (*see* Public Health Law § 4405-b [3] [b]; § 230 [11] [b]), and the "plaintiff failed to allege any facts from which malice could be inferred and [his] conclusory allegations of malice were insufficient to overcome the privilege" (*Red Cap Valet v Hotel Nikko [USA]*, 273 AD2d 289, 290 [2000]; *see Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 64 [1959]; *Alcena v Empire Blue Cross & Blue Shield*, 13 AD3d 472, 473 [2004]).

The record indicates that the plaintiff's refusal to submit complete medical records for select patients/enrollees despite repeated requests from the defendants compromised the retrospective audit and prompted the defendants to suspend payments on any pending claims submitted by the plaintiff. The defendants were within their rights to demand such records (*see* Public Health Law § 4905 [7]) and the plaintiff's demand for written authorization before releasing the records was unfounded (*see* 45 CFR 164.502 [a] [1] [ii]). We need not decide

whether a private right of action exists under Public Health Law article 49 (*cf.* Public Health Law § 4916), because even if it does, the plaintiff cannot recover due to his failure to cooperate with the utilization review. Consequently, the sixth cause of action should have been dismissed.

Because the complaint is being dismissed, the arguments with respect to the defendants HIP Foundation, Inc., and Vytra Health Plans Managed Systems, Inc., are academic. Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.