OPINION OF THE COURT
George B. Ceresia, Jr., J.
Plaintiffs, in actions 2, 4, 5, 6, 9, 10, 11, 16, and 17* seek a subpoena duces tecum requiring the appearance of Robert O’Keefe, medical conduct investigator for the New York State Department of Health (NYSDOH), and for the production of certain records of NYSDOH. The motion is opposed by the Attorney General on behalf of NYSDOH and the Office of Professional Medical Conduct (OPMC) and by Upstate Neurology Consultants, LLP
The instant actions concern claims against defendants for medical malpractice, negligence, assault and intentional infliction of emotional distress. The moving plaintiffs contend that Mr. O’Keefe conducted an investigation into the activities and practices of defendants with regard to material allegations at issue in this litigation. Plaintiffs also assert that the requested documents are matters of record that are maintained and kept by Mr. O’Keefe in his capacity as a medical conduct investigator for NYSDOH. They maintain that the investigation and findings of NYSDOH are germane to the within actions and essential to establish plaintiffs’ claims. Specifically, the moving plaintiffs argue that the documents may show that defendant Upstate had notice or knowledge of defendant Riback’s improprieties before his office visits with the infant plaintiffs and his subsequent arrest.
A prior motion seeking essentially identical relief by plaintiffs in other actions was denied on the ground that the requested materials are confidential under Public Health Law § 230 based upon the following Public Health Law language: “Notwithstanding any other provisions of law, neither the proceedings nor the records of any such committee shall be subject to disclosure *387 under article thirty-one of the civil practice law and rules except as hereinafter provided” (Public Health Law § 230 [9]); “The files of the office of professional medical conduct relating to the investigation of possible instances of professional misconduct shall be confidential and not subject to disclosure at the request of any person, except as provided by law in a pending disciplinary action or proceeding” (Public Health Law § 230 [10] [a] [v]). The exceptions providing for the sharing of information within the department and, “pursuant to subpoena, with other duly authorized public agencies responsible for professional regulation or criminal prosecution” (Public Health Law § 230 [10] [a] [v]), were not shown to be applicable.
NYSDOH, OPMC and Upstate contend that the instant application is barred by the doctrine of the law of the case. However, such doctrine is limited to parties to the same action who have had a full and fair opportunity to litigate an issue (see Shawangunk Conservancy v Fink, 305 AD2d 902 [3d Dept 2003]). The above captioned actions have been joined for discovery only. They have not been consolidated. As such, they retain their status as separate actions. While the piecemeal discovery approach followed by movants’ counsel is not appreciated, plaintiffs herein are not parties to the actions which were the subject of the prior motion, nor were plaintiffs herein required to join in the prior motion. Accordingly, the doctrine of the law of the case is not applicable.
The moving plaintiffs contend that Public Health Law § 10 (2) makes written reports of investigations admissible and presumptive evidence of their contents, and by inference, discoverable. However, by its terms, such statute is applicable to investigations concerning the enforcement of the Public Health Law, the sanitary code or local regulations. The OPMC investigation involved herein does not involve enforcement of the Public Health Law, the sanitary code or local regulations. As such, the cited provision is not applicable.
The movants also contend that because defendant Riback was found guilty of professional misconduct, there are no policy considerations favoring confidentiality nor would disclosure adversely impact the purposes of the confidentiality provisions. Public Health Law § 230 (10) (a) (v) specifically provides that files relating to investigations of possible instances of professional misconduct shall be confidential and not subject to disclosure. It does not state that such confidentiality is only applicable when there has been no finding of misconduct. The *388 Legislature specifically provided that, upon a finding of misconduct and the imposition of a significant penalty, the committee on professional conduct’s findings, conclusions, determinations and order shall become public (Public Health Law § 230 [10] [g]). It did not include investigatory materials. Furthermore, the fact that the statute refers to investigation of possible misconduct does not lead to the inference that there is no confidentiality once misconduct is proven as the investigatory phase always involves possible, not proven, misconduct. The subsequent finding of guilt does not alter the nature of the prior investigation.
Moreover, one of the purposes of confidentiality is to promote the effectiveness of investigations by ensuring that witnesses will be willing openly to discuss possible instances of misconduct based upon assurances that the investigations will remain confidential (see Atkins v Guest, 201 AD2d 411, 412 [1st Dept 1994]). NYSDOH and OPMC have submitted an affirmation from the chief counsel of OPMC indicating that continued confidentiality is necessary in order to maintain the privacy of other sources of information, which promotes cooperation from such sources, as well as to protect the investigative process and techniques. The fact that the physician no longer has any significant interest in confidentiality does not impact this statutory consideration.
The movants also argue that since much of the information has already been made public in the criminal trial of defendant Riback, there is no reason to withhold the remaining information. However, the Legislature specifically made the investigations subject to discovery in criminal matters, but not in civil ones. The fact that some information has been disclosed does not provide any logical basis for complete disclosure, with the possible adverse consequences for the vitality of the investigative process.
Finally, the movants contend that they are entitled to disclosure of all documents reflecting statements made by defendant Riback pursuant to Public Health Law § 230 (9). Such subdivision makes statements of a party to a subsequent action which were made at a meeting of a committee on professional conduct discoverable. It does not appear that defendant Riback ever made any statements at a meeting of a committee on professional conduct. Movants concede that *389 Public Health Law § 230 (9) is not applicable in their reply memorandum of law.
Counsel for NYSDOH and OPMC have established that the requested materials and testimony are confidential under the Public Health Law. Plaintiffs have failed to establish any exceptions to the Public Health Law which would permit disclosure of the requested materials and testimony. Based on the foregoing, plaintiffs’ motion for a subpoena duces tecum is hereby denied in its entirety.
Accordingly it is ordered that the plaintiffs’ motion for a subpoena duces tecum is hereby denied in its entirety.

 At the time the instant motion was made action 17 had not been assigned to this justice. Therefore plaintiffs have withdrawn the requested relief with respect to action 17.