■ AJ CONTRACTING COMPANY, INC., Plaintiff, v FARMORE REALTY INC., Formerly Known as SWEETHEART THEATRES, INC., et al., Defendants, and THE AMERICAN CASUALTY COMPANY OF READING, PA., Appellant. PRG PLANNING & DEVELOPMENT LLC, Respondent, v LATENITE MAGIC, INC., et al., Defendants, and CONSECO VARIABLE LIFE INSURANCE COMPANY et al., Intervenors-Appellants. [849 NYS2d 546]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered December 15, 2006, after a nonjury trial, in an action to foreclose a mechanic's lien, in favor of plaintiff-respondent and against intervenors-defendants-appellants and defendant-appellant surety company, unanimously modified, on the law, to vacate so much thereof as holds intervenors directly liable to plaintiff-respondent, the judgment is deemed paid in full, and otherwise affirmed, with costs in favor of intervenors payable by plaintiff-respondent.

There is no evidence of exaggeration, much less that any exaggeration was willful, warranting a declaration under Lien Law § 39 that plaintiff's mechanic's lien is void (*cf. Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 25 AD3d 392 [2006]). We modify only insofar as the judgment holds intervenors directly liable to plaintiff in quasi contract. We reject the trial court's finding that intervenors formally admitted that they benefitted from plaintiff's work, and, even if we were to assume, although hardly clear, that intervenors did so benefit, it remains that plaintiff's services were rendered not at intervenors' behest but at the behest of their assignor. Thus, plaintiff cannot recover against intervenors in quantum meruit (*see Kagan v K-Tel Entertainment*, 172 AD2d 375, 377 [1991], citing *Langel v Betz*, 250 NY 159, 161-162 [1928]; *Prestige Caterers v Kaufman*, 290 AD2d 295, 295-296 [2002]). We have considered appellants' other contentions and find them unavailing. Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.