■ GERALD PEKLER et al., Appellants-Respondents, v HEALTH INSURANCE PLAN OF GREATER NEW YORK, Respondents-Appellants, et al., Defendant. [888 NYS2d 196]—

In an action, inter alia, to recover in quantum meruit for services rendered, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of (1) an order of the Supreme Court, Richmond County (Minardo, J.), entered March 25, 2008, and (2) an amended order of the same court dated April 1, 2008, as granted those branches of the motion of the defendant Health Insurance Plan of Greater New York, pursuant to CPLR 3211 (a) (1) and (7), which were to dismiss the first, second, fourth, sixth, and eleventh causes of action insofar as asserted against it, granted those branches of the separate motion of the defendant Greater Staten Island Medical Group, P.C., doing business as Staten Island Medical Group, pursuant to CPLR 3211 (a) (1) and (7), which were to dismiss the first and third causes of ac-

tion insofar as asserted against it, and granted those branches of the separate motion of the defendant Staten Island Physician Practice, P.C., pursuant to CPLR 3211 (a) (1) and (7), which were to dismiss the first, second, third, fourth, sixth, and eleventh causes of action insofar as asserted against it, and the defendant Greater Staten Island Medical Group, P.C., doing business as Staten Island Medical Group, cross-appeals from so much of (1) the same order entered March 25, 2008, and (2) the same amended order entered April 11, 2008, as denied that branch of its motion, pursuant to CPLR 3211 (a) (1) and (7), which was to dismiss the fifth cause of action insofar as asserted against it, the defendant Staten Island Physician Practice, P.C., separately cross-appeals from so much of (1) the same order entered March 25, 2008, and (2) the same amended order entered April 11, 2008, as denied those branches of its motion, pursuant to CPLR 3211 (a) (1) and (7), which were to dismiss the fifth, seventh, and tenth causes of action insofar as asserted against it, and the defendant Health Insurance Plan of Greater New York separately cross-appeals from so much of (1) the same order entered March 25, 2008, and (2) the same amended order entered April 11, 2008, as denied those branches of its motion, pursuant to CPLR 3211 (a) (1) and (7), which were to dismiss the fifth, eighth, and ninth causes of action insofar as asserted against it.

Ordered that the appeal and cross appeals from the order are dismissed, as that order was superseded by the amended order; and it is further,

Ordered that the amended order is modified, on the law, by deleting the provision thereof denying those branches of the separate motions of the defendants Health Insurance Plan of Greater New York, Greater Staten Island Medical Group, P.C., doing business as Staten Island Medical Group, and Staten Island Physician Practice, P.C., which were to dismiss the fifth cause of action to recover in quantum meruit for services rendered insofar as asserted against each of them, and substituting therefor a provision granting those branches of the separate motions; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements, and the order is modified accordingly.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true, and provide the plaintiff the benefit of every possible favorable inference (*see* CPLR 3026; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582, 591 [2005]; *Leon v Martinez,* 84

NY2d 83, 87-88 [1994]). Doing so here, the Supreme Court should have dismissed the fifth cause of action. As the complaint alleges that medical services were performed by the plaintiff doctors at the behest of their patients, no claim in quantum meruit can be asserted against the defendants (see *Kirell v Vytra Health Plans Long Is., Inc.,* 29 AD3d 638 [2006]; *JLJ Recycling Contrs. Corp. v Town of Babylon,* 302 AD2d 430, 431 [2003]; *Prestige Caterers v Kaufman,* 290 AD2d 295, 296 [2002]; *Schuckman Realty v Marine Midland Bank,* 244 AD2d 400, 401 [1997]; *Kagan v K-Tel Entertainment,* 172 AD2d 375, 376 [1991]; *Citrin v Columbia Broadcasting Sys.,* 29 AD2d 740, 741 [1968]; *Armstrong v I. T. T. S. Corp.,* 10 AD2d 711, 712 [1960]).

The parties' remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur. [*See* 19 Misc 3d 1102(A), 2008 NY Slip Op 50471(U).]