# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1077

CA 13-02227

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

JEFFREY'S AUTO BODY, INC., PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

GOLDBERG SEGALLA LLP, SYRACUSE (MATTHEW S. LERNER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BOUSQUET HOLSTEIN PLLC, SYRACUSE (ROBERT K. WEILER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 3, 2013. The order denied in part defendant's motion to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendant's motion seeking dismissal of the second cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs in these four appeals operate automobile repair shops, and they commenced these actions to recover payment for repairs performed on behalf of various assignors, including first-party assignors, i.e., defendants' insureds, and persons involved in accidents with defendants' insureds, i.e., third-party assignors (*see generally* 11 NYCRR 216.7 [a] [2]). Insofar as relevant in each appeal, plaintiffs asserted causes of action for breach of contract, quantum meruit, and the violation of General Business Law § 349, which prohibits deceptive business practices. Defendants moved pursuant to CPLR 603 to sever the individual claims set forth in the amended complaint in appeal No. 2 and in the complaints in appeal Nos. 1, 3, and 4, and they sought dismissal of the amended complaint and the respective complaints pursuant to CPLR 3211 (a) (5) and (7). We reject defendants' contentions with respect to severance and the causes of action for breach of contract and section 349, and we agree with Supreme Court's resolution of those issues for reasons set forth in the court's decision. We agree with defendants, however, that the court erred in denying those parts of their motions seeking dismissal of the second cause of action, alleging quantum meruit, in each appeal, and we modify the order in each appeal accordingly.

No cause of action for quantum meruit will lie where "an express

enforcible contract exist[ed] between the parties concerning the same subject matter" (*G & S Custom Homes v Holtz*, 179 AD2d 1025, 1026; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388).  With respect to the first-party assignors, there is no cause of action for quantum meruit, inasmuch as the policies were in force at all relevant times.  With respect to the third-party assignors, we conclude that there is no cause of action for quantum meruit because where, as here, "services were performed at the behest of someone other than the defendant, [a] plaintiff must look to that person for recovery" (*Heller v Kurz*, 228 AD2d 263, 264).  Here, the services were performed at the behest of plaintiffs' customers, i.e., third-party assignors, and plaintiffs therefore do not have quantum meruit causes of action against defendants (*see Pekler v Health Ins. Plan of Greater N.Y.*, 67 AD3d 758, 760; *Kirell v Vytra Health Plans Long Is., Inc.*, 29 AD3d 638, 639).

Entered:  February 6, 2015                      Frances E. Cafarell
                                                Clerk of the Court