TV Tech Mgrs., Inc. v Cohen (2024 NY Slip Op 02553)

TV Tech Mgrs., Inc. v Cohen

2024 NY Slip Op 02553

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-06290
 (Index No. 1342/17)

[*1]TV Tech Managers, Inc., respondent, 
v
Richard Cohen, appellant, et al., defendants.

Wallace Neel, PLLC, Pearl River, NY, for appellant.
The Ahearne Law Firm, PLLC, Warwick, NY (Allan J. Ahearne, Jr., of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Richard Cohen appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated July 21, 2021. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the third amended complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Richard Cohen which were pursuant to CPLR 3211(a)(7) to dismiss the first, third, and fourth causes of action insofar as asserted against him, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff alleges that in September 2016, the defendants Lovelive TV Limited and Lovelive TV US, Inc. (hereinafter Lovelive US, and together with Lovelive TV Limited, the Lovelive defendants), entered into a contract with the plaintiff, pursuant to which the plaintiff would, among other things, install technical and electronic equipment for the Lovelive defendants. The plaintiff alleges that it provided the services requested, but the Lovelive defendants failed to pay the plaintiff despite numerous demands. The plaintiff further alleges that in December 2016, Lovelive US announced to its employees that it was insolvent and would "cease all operations" immediately and dissolve. The plaintiff further alleges that Lovelive US transferred all of its assets without serving its corporate creditors, including the plaintiff, with a notice of dissolution and without providing them an opportunity to bring or settle their claims. The defendant Richard Cohen is alleged to have been Lovelive US's chief executive officer and sole director at all relevant times. Cohen is alleged to have dissolved Lovelive US without taking the proceedings necessary for a voluntary dissolution under Business Corporation Law §§ 1006 and 1007 and is alleged to have given only select creditors notice of dissolution.
In the third amended complaint, the plaintiff purported to assert causes of action against each of the defendants to recover damages for breach of contract (first cause of action), to recover on an account stated (third cause of action), and to recover in quantum meruit (fourth cause of action), and purported to assert a cause of action against Cohen individually for director liability for unpaid invoices (second cause of action). Cohen moved pursuant to CPLR 3211(a)(7) to dismiss the third amended complaint insofar as asserted against him. The plaintiff opposed the motion. The [*2]Supreme Court denied the motion, and Cohen appeals.
Initially, we note that the Supreme Court erred by applying the standard for a motion for summary judgment pursuant to CPLR 3212 to that branch of Cohen's motion which was to dismiss the second cause of action (see Velez v Captain Luna's Mar., 74 AD3d 1191, 1191). This Court will apply the standards applicable to a motion to dismiss pursuant to CPLR 3211 (see Garner v China Natural Gas, Inc., 71 AD3d 825, 826).
"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff 'the benefit of every possible favorable inference'" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334, quoting AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [internal quotation marks omitted]). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (id. at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (Sokol v Leader, 74 AD3d at 1182 [internal quotation marks omitted]). "Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (id. [internal quotation marks omitted]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Here, Cohen's contentions on appeal fail to demonstrate any basis to disturb the Supreme Court's determination denying that branch of his motion which was to dismiss the second cause of action. Cohen does not challenge, and we therefore do not address, the plaintiff's contention that under certain circumstances, a corporation's director may be held personally liable for the corporation's debts when the corporation is dissolved and divested of its assets without adequate notice to its creditors. Rather, Cohen contends that the record here demonstrates that adequate notice was given to the plaintiff of Lovelive US's dissolution, and he denies that he personally received any assets from the corporation's dissolution or that any assets remained that could have been used to pay creditors. However, Cohen's affidavit and other materials submitted with his motion were insufficient to establish "that a material fact as claimed by the pleader to be one is not a fact at all" or that "no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d at 275; see Sokol v Leader, 74 AD3d at 1182). Accordingly, Cohen failed to demonstrate that he was entitled to dismissal pursuant to CPLR 3211(a)(7) of the second cause of action.
However, the Supreme Court should have granted that branch of Cohen's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against him. "Where a principal of a corporation expressly signs a contract in his or her capacity as an officer of the corporation, unless he or she purports to personally bind him or herself, he or she will not be held personally liable under the contract" (Maranga v McDonald & T. Corp., 8 AD3d 351, 352). Here, the third amended complaint failed to allege that Cohen signed the agreement in his personal capacity, and he cannot be held liable based solely upon his position as director of Lovelive US.
Additionally, the Supreme Court should have granted that branch of Cohen's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action insofar as asserted against him. "'An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due'" (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851, quoting Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869). "An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat the statement as an account stated. It cannot be used to create liability where none otherwise exists" (M. Paladino, Inc. v Lucchese & Son Contr. Corp., 247 AD2d 515, 516). Here, there was no allegation in the third amended complaint that Cohen personally paid the invoices or that he agreed to pay any invoice (see Bizjak v Gramercy [*3]Capital Corp., 95 AD3d 469, 470; Roth Law Firm, PLLC v Sands, 82 AD3d 675, 676).
Finally, the Supreme Court should have granted that branch of Cohen's motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action insofar as asserted against him. To establish a quantum meruit claim, the plaintiff must show: "(1) the performance of services in good faith, (2) the acceptance of services by the person or persons to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered" (F & M Gen. Contr. v Oncel, 132 AD3d 946, 948; see Freedman v Pearlman, 271 AD2d 301, 304). "Under the theory of quantum meruit, if the services were performed at the behest of someone other than the defendant, the plaintiff must look to that party for recovery" (JLJ Recycling Contrs. Corp. v Town of Babylon, 302 AD2d 430, 431). Here, there was no allegation in the third amended complaint that the services performed by the plaintiff were at the behest of Cohen individually (see Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 410, affd 19 NY3d 511; Kirell v Vytra Health Plans Long Is., Inc., 29 AD3d 638, 639).
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court