Laine v Empire HealthChoice Assur., Inc. (2025 NY Slip Op 00314)

Laine v Empire HealthChoice Assur., Inc.

2025 NY Slip Op 00314

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-05344
 (Index No. 513693/20)

[*1]Jean. Laine, etc., appellant, 
v
Empire HealthChoice Assurance, Inc., etc., respondent.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Tarter Krinsky & Drogin, LLP, New York, NY (Howard S. Wolfson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 12, 2021. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, an out-of-network provider of chiropractic services, alleges that the defendant failed to reimburse him for services rendered on behalf of patients insured by the defendant. In July 2020, the plaintiff commenced this action against the defendant, alleging breach of contract, promissory estoppel, quantum meruit, and fraud. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated July 12, 2021, the Supreme Court granted the motion. The plaintiff appeals.
The Supreme Court properly granted dismissal of the cause of action alleging breach of contract pursuant to CPLR 3211(a)(5) as time-barred. "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941 [alterations and internal quotation marks omitted]; see Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 737-738). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Kaul v Brooklyn Friends Sch., 220 AD3d at 941 [internal quotation marks omitted]; see Morrow v Vibration Mountings & Controls, Inc., 223 AD3d at 738).
A cause of action sounding in breach of contract is governed by a six-year statute of limitations (see CPLR 213[2]; Rabinowitz v Grosso, 216 AD3d 822, 822-823) and the period "begins at the time of the breach" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 666; see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402).
Here, the defendant demonstrated, prima facie, that the time within which to assert a breach of contract cause of action had expired, inasmuch as the plaintiff failed to commence this action within the six-year limitations period (see CPLR 213[2]). The defendant submitted evidence that the plaintiff had last submitted claims for reimbursement in 2012 and that those claims were denied in that same year. Thus, the plaintiff's breach of contract cause of action was untimely when he commenced this action in July 2020. In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled, or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period (see Kaul v Brooklyn Friends Sch., 220 AD3d at 941).
The Supreme Court properly granted dismissal of the cause of action alleging promissory estoppel, which is also governed by a six-year statute of limitations (see Statharos v Statharos, 219 AD3d 651, 654). In opposition to the defendant's prima facie showing that the cause of action was time-barred, the plaintiff failed to raise a question of fact.
Additionally, the Supreme Court properly granted dismissal of the plaintiff's cause of action sounding in quantum meruit pursuant to CPLR 3211(a)(7). On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "'[A]llegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration'" (Simkin v Blank, 19 NY3d 46, 52, quoting Maas v Cornell Univ., 94 NY2d 87, 91). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142). Here, as the complaint alleges that chiropractic services were performed by the plaintiff at the behest of his patients, no claim in quantum meruit can be asserted against the defendant (see Pekler v Health Ins. Plan of Greater N.Y., 67 AD3d 758, 760; Kirell v Vytra Health Plans Long Is., Inc., 29 AD3d 638, 639).
Since the plaintiff raises no arguments related to his fraud cause of action, he has abandoned any claim that he has a viable fraud cause of action (see Christiana Trust v Leriche, 219 AD3d 564, 567; Gao v Choi, 216 AD3d 626, 627).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court