Da Silva Plastic & Reconstructive Surgery, P.C. v UnitedHealthcare Ins. Co. of N.Y., Inc. (2025 NY Slip Op 00424)

Da Silva Plastic & Reconstructive Surgery, P.C. v UnitedHealthcare Ins. Co. of N.Y., Inc.

2025 NY Slip Op 00424

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-07064
 (Index No. 621408/21)

[*1]Da Silva Plastic and Reconstructive Surgery, P.C., appellant, 
v
UnitedHealthcare Insurance Company of New York, Inc., etc., respondent.

Harris Beach, PLLC, Uniondale, NY (Roy W. Breitenbach, Brian D. Ginsberg, and Daniel R. LeCours of counsel), for appellant.
Robinson & Cole LLP, New York, NY (Patrick W. Begos of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated August 18, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as sought to recover compensatory damages for the claim related to the patient "EC," and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the defendant.
The plaintiff provided healthcare services to patients who were members of the Empire Plan, a health insurance plan administered by the defendant, UnitedHealthcare Insurance Company of New York, Inc. (hereinafter UHC), and submitted 38 claims to UHC for those services. Although the plaintiff chose to remain an out-of-network provider for the Empire Plan, the plaintiff alleged that, pursuant to the Empire Plan's agreements with its members, the subject 38 Empire Plan members or their beneficiaries received medically necessary treatment from the plaintiff and, in exchange, assigned their rights to receive reimbursement from UHC for those services to the plaintiff.
After UHC failed to pay the 38 claims submitted by the plaintiff, the plaintiff commenced this action against UHC, asserting causes of action, inter alia, alleging breach of contract, breach of implied contract, unjust enrichment, and violations of Insurance Law § 3224-a, known as the Prompt Pay Law. Thereafter, UHC moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In support of its motion, UHC submitted, among other things, the plan documents pertaining to 37 of the 38 Empire Plan members at issue. However, UHC was unable to locate the relevant plan documents for a patient identified as "EC." In an order dated August 18, 2022, the Supreme Court granted UHC's motion. The plaintiff appeals.
The Supreme Court should have denied that branch of UHC's motion which was pursuant to CPLR 3211(a) to dismiss so much of the first cause of action, alleging breach of contract, as sought to recover compensatory damages for the claim related to EC. UHC failed to establish that any contractual provision barred EC from validly assigning his or her benefits under the Empire Plan to the plaintiff (see Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 698).
However, the Supreme Court properly granted that branch of UHC's motion which was pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as sought to recover damages for the claims related to the 37 of the 38 Empire Plan members for whom UHC submitted the relevant plan documents. Contrary to the plaintiff's contention, the plan documents conclusively established that any assignment of benefits made by those Empire Plan members was void, as the plans explicitly barred the members from assigning their benefits under the plans to a nonparticipating provider, such as the plaintiff (see Brettler v Allianz Life Ins. Co. of N. Am., 40 NY3d 450, 454; Kirell v Vytra Health Plans Long Is., Inc., 29 AD3d 638, 638; Cole v Metropolitan Life Ins. Co., 273 AD2d 832, 833; see also Angstadt v Empire HealthChoice HMO, Inc., 2017 WL 10844692, *5, 2017 US Dist LEXIS 40406, *14-15 [ED NY, No. 15-CV-1823(SJF)(AYS)]; American Med. Assn. v United Healthcare Corp., 2001 WL 863561, *12, 2001 US Dist LEXIS 10818, *42-43 [SD NY, No. 00 Civ. 2800(LMM), 00 Civ. 7246(LMM)]). Contrary to the plaintiff's further contention, the complaint failed to sufficiently allege that UHC waived the anti-assignment provisions of the subject plans (see Sasson Plastic Surgery, LLC v UnitedHealthcare of N.Y., Inc., 2022 WL 2664355, *2, 2022 US Dist LEXIS 123726, *4-5 [ED NY, No. 2:17-cv-1674(ENV)(ARL)]; Angstadt v Empire HealthChoice HMO, Inc., 2017 WL 10844692, *6, 2017 US Dist LEXIS 40406, *15-17).
Moreover, the Supreme Court properly granted those branches of UHC's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of implied contract, unjust enrichment, and violations of the Prompt Pay Law with respect to all 38 Empire Plan members. A cause of action predicated on a theory of implied contract is not viable where there is an express agreement that governs the subject matter underlying the action (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389; Scott v Fields, 92 AD3d 666, 669; Sasson Plastic Surgery, LLC v UnitedHealthcare of N.Y., Inc., 2022 WL 2664355, *6, 2022 US Dist LEXIS 123726, *15-16). The cause of action alleging unjust enrichment was subject to dismissal because the medical services at issue were rendered at the behest of the subject members (see Pekler v Health Ins. Plan of Greater N.Y., 67 AD3d 758, 760; Kirell v Vytra Health Plans Long Island, Inc., 29 AD3d 638, 639). Finally, the cause of action alleging violations of the Prompt Pay Law was subject to dismissal because there was no allegation in the complaint that UHC failed to pay or dispute a claim within the statutorily specified time frame (see generally Insurance Law § 3224-a[a]; Maimonides Med. Ctr. v First United Am. Life Ins. Co., 116 AD3d 207, 219).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court